Dorothy L. LOWERY, et al. *v.*
Larry JONES, Executor, et al

80-267                     611 S.W. 2d 759

Supreme Court of Arkansas
Opinion delivered February 23, 1981

Laws & Swain, P.A., by: *William S. Swain*, for appellants.

*Little, McCollum & Mixon*, by: *David George*, for appellees.

STEELE HAYS, Justice. The crux of this appeal is whether a testamentary bequest to a charitable institution should fail for vagueness and hence pass to the appellants, heirs at law of the decedent. The will of Robert P. Frazier consists entirely of bequests for charitable purposes, including the following disputed bequest:

> Fifteen percent (15%) to Shriner's Hospital for Crippled Children, Little Rock, Arkansas, to be used at the discretion of said hospital.

The executor petitioned the probate court to construe the provision as meaning the "Shriners Hospital for Crippled Children, a National Organization," there being no "Shriners Hospital for Crippled Children" located in Little Rock, presently or at the time the will was executed. The

appellants, seven brothers and sisters of decedent, responded that the intended beneficiary could not be determined with certainty, asking that this portion of the estate go to them as heirs. The court granted the petition of the executor, and construed the provision as meaning the "Shriners Hospital for Crippled Children, a National Organization," and appellants allege error. We agree entirely with the interpretation of the court below and, therefore, affirm.

Under Rule 52 of the Arkansas Rules of Civil Procedure, "[f]indings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence)...." See also, *Greenwood* v. *Wilson*, 267 Ark. 68, 588 S.W. 2d 701 (1979) and *Hiler* v. *Cude*, 248 Ark. 1065, 455 S.W. 2d 891 (1970).

As early as *McDonald* v. *Shaw*, 81 Ark. 235, 98 S.W. 952 (1906), this court stated that in interpreting provisions of a will:

> It is an elementary rule of construction that a bequest or devise will not fail because of a mere inaccuracy in the designation of the beneficiary, where the meaning of the testator can be gathered with reasonable certainty from the instrument itself, or where the identity of the object of his bounty can be shown by extrinsic evidence and such evidence is always admissible for the purpose of identifying the beneficiary, where there is uncertainty or ambiguity in the designation. This rule applies to corporations as well as to those taking for their own benefit.
> *McDonald*, at 240.

See, *Lytle* v. *Zebold*, 227 Ark. 431, 299 S.W. 2d 74 (1957) and *Tullis* v. *Minchew*, 239 Ark. 222, 388 S.W. 2d 393 (1965).

It should be noted at the outset that the effect of the various provisions of the will in the present case devises the entire estate to some five charities. Three of the named beneficiaries, besides the bequest at issue, are to the Masonic Building Corporation, Knights Templar Inc. Eye Foundation and to the Order of the Eastern Star, all of which are

organizationally associated with the Shriners. There was testimony that Mr. Frazier was an active Mason and Shriner. There was also testimony that a person wishing to make a donation or bequest to the "Shriners Hospital for Crippled Children" would do so through the Scimitar Shrine Temple in Little Rock. And testimony to the effect that a child seeking care in a Shriners hospital would be processed through the Temple in Little Rock. There was documentary evidence in the form of a booklet published by the Shrine Temple, bearing the Little Rock street address and Post Office Box of the Temple, containing prominent references to Shriners Hospital for Crippled Children and information regarding the hospitals. On the basis of the evidence, the court held that the bequest to "Shriners Hospital for Crippled Children, Little Rock, Arkansas," should in fact be read as "Shriners Hospital for Crippled Children, a National Organization." We cannot say that such a deicion is clearly erroneous. *Greenwood* and *Hiler*, above. On the contrary, we think it was eminently correct.

This holding is sustainable for another reason — the application of the cy pres doctrine. While the court below did not expressly rely on the doctrine, it effectively applied it, as it should have. Judicial cy pres, as opposed to prerogative cy pres, has long been recognized and applied in Arkansas. *Hicks Memorial Christian Ass'n* v. *Locke*, 178 Ark. 892, 12 S.W. 2d 866 (1929); *Trevathan* v. *Ringgold-Noland Foundation*, 241 Ark. 758, 410 S.W. 2d 132 (1967); *The State National Bank of Texarkana* v. *Bann*, 202 Ark. 850, 153 S.W. 2d 158 (1941); *McCarroll* v. *Grand Lodge*, 154 Ark. 376, 234 S.W. 870 (1922).

The bulk of the cases applying cy pres involve charitable trusts, rather than bequests, as here, and there is some authority that the doctrine is limited to charitable trusts. But the growing weight of authority, and better reasoned, is that the doctrine of cy pres is equally applicable to charitable bequests and devises. Scott on Trusts, Vol. IV, #348, #399; Bogert, 2d Edition, Trusts and Trustees, Vol. 2A, #431; *Miller* v. *Mercantile-Safe Deposit and Trust Co.* (App. Md. 1961) 168 A2 184. We can see no reason why the logic of cy pres, which was conceived as a method of achieving the

ultimate aim of the donor "as nearly as possible" where his expressed intent for some reason became unattainable, is not equally sound where the bequest is outright rather than in trust, and this view is consistent with some of the dicta of our own decisions. *Fordyce* v. *Woman's Christian Nat'l Library Assn.*, 79 Ark. 550, 96 S.W. 155 (1906); *Bossen* v. *Woman's Christian National Library Association*, 216 Ark. 334, 225 S.W. 2d 336 (1949).

In *Bletsch* v. *Barth*, 130 N.W. 2d 275 (Wisc. 1964), cited by both sides, the Supreme Court of Wisconsin held the doctrine of judicial cy pres applicable to a gift to charity even though not expressly in trust, notwithstanding a number of earlier Wisconsin decisions repudiating the doctrine altogether. The court stated:

> While most of the descriptions of cy pres confine its operation to charitable "trusts," there is no sound reason for the requirement that there be a formal trust, as such. In our opinion, it is sufficient if there is a bequest to a charity. In a sense, it can perhaps be said that a charity always receives the gift in trust for its purposes.

The facts in *Bletsch* are similar in many respects to this case. The bequest in *Bletsch* was to the "Masonic Home for Crippled Children of the State of Illinois," which was nonexistent. The court held that the "Shriners' Hospital for Crippled Children;" in Chicago closely reflected the charitable purpose of the testator and should receive the bequest in preference to the heirs at law.

For the reasons stated, we affirm the probate court.