Kenneth S. Hixson, Judge, dissenting. liSI agree with the majority’s conclusion that Sparks Regional Medical Center (SRMC) is not the same entity as Sparks Hospital, and thus that the trial court’s decision cannot be affirmed on that basis. I also agree with the majority’s holding that the cy pres doctrine can, under the proper circumstances, be applied to a charitable bequest for the reasons stated by our supreme court in Lowery v. Jones, 272 Ark. 55, 611 S.W.2d 759 (1981), However; upon examination of these facts, I believe the trial court clearly erred in applying the cy pres doctrine-to direct the residuary of the estate to SRMC. Therefore, I would reverse the trial court’s decision, and I respectfully dissent. The primary objective when-construing the language of a will is to ascertain and effectuate the intent of the testator. Covenant Presbytery v. First Baptist Church, 2016 Ark. 138, 489 S.W.3d 153. The cy pres doctrine is the principle that equity will, when a charity originally or later becomes impossible or impracticable of fulfillment, substitute another charitable object which is believed to approach the original purpose as closely as possible. Slade v. Gammill, 226 Ark. 244, 289 S.W.2d 176 (1956). It is a principle of construction of trusts based on a judicial finding of the. donor’s intention as applied to new conditions. 14 C.J.S. Charities § 44 (2017). The reason for the cy pres doctrine is to permit the main purpose of- the donor of a charitable trust to be carried out as nearly,as possible when .it cannot be done to the letter. Bosson v. Woman’s Christian Nat’l Library Ass’n, 216 Ark. 334, 225 S.W.2d 336 (1949). The will executed by Tom- Alexander bequeathed the remainder of his property to Sparks Hospital to permit the hospital to make necessary improvements or to purchase | ^necessary equipment. At the time the will was executed, Sparks Hospital owned and operated a nonprofit hospital in Fort Smith. It is evident that Mr. Alexander’s will contemplated the existence of an operating hospital and that his intent was to fund improvements to that hospital. By the time of Mr. Alexander’s death, Sparks Hospital had changed its name to SRMC and sold its hospital business to Health Management Associates, Inc., a publicly traded for-profit entity. As a result of the sale in 2009, SRMC no longer owns or operates a hospital. SRMC does, however, continue to exist as a nonprofit corporation. The executive director of SRMC testified that the present function of SRMC is to continue its mission of providing healthcare and healthcare education for the surrounding' area of western Arkansas and eastern Oklahoma. He further testified that the name “Sparks” is only used to handle business matters, which he characterized as “financial unwinding.” He went on to state that SRMC contributed financial support to an osteopathic medical school and that it planned to fund construction of a clinic across the street from the school. In my view, the current functions of SRMC are not aligned with the testamentary intent expressed in Mr. Alexander’s will. SRMC no longer operates a hospital, no longer has a license to operate a hospital, and no longer provides-any medical care directly to patients. If granted the residuary estate, SRMC will not 'use .the funds to make improvements to a hospital or purchase necessary equipment for a hospital as contemplated by the will. Under these circumstances cy pres should not have been applied; and therefore T would reverse the trial court,