100 A.2d 229 (1953)
ANTHONY et al.
v.
HARRIS et al.
Court of Chancery of Delaware, New Castle.
November 5, 1953.
*230 James L. Latchum (of Berl, Potter & Anderson), Wilmington, for plaintiffs.
Joseph H. Flanzer, Wilmington, for defendant.
H. Eugene Savery, Wilmington, for interveners.
SEITZ, Chancellor.
The court is confronted once again with the difficult problem of determining the meaning of an apparently "home made" will.
Plaintiffs agreed to convey to defendant a good fee simple marketable title to certain real estate known as the Westfield property. At the settlement date defendant refused to accept title on the ground that plaintiffs did not have the requisite title. This action for specific performance followed.
Harry T. Long, Sr., and Elizabeth O. Long became seized of the Westfield property as tenants by the entirety by deed dated *231 September 25, 1925. Their daughters, the plaintiffs, Dorothy Long now known as Dorothy Betts, and Natalie Long now known as Natalie Anthony, were born December 8, 1921 and September 27, 1923 respectively. Plaintiffs' husbands are parties plaintiff because they were parties to the contract of sale. Further reference to "plaintiffs" will include only the daughters.
Plaintiffs' parents had both been previously married and their respective spouses had died. Harry T. Long, Sr., had three sons by his previous marriage (interveners) and Elizabeth O. Long had two sons and a daughter by her previous marriage.
Harry T. Long, Sr., and Elizabeth O. Long signed the following longhand will[1] (errors included):
 April 7  1936"
"Westfield Stanton P.O. Dela,

"(First)"
"This the last Will and testament by an Mutual agreement between Harry T. Long Sr and my Wife Elizabeth O. Long."
"Should I die first I leave and Bequeath all property which I possess or may Be entitled to at the time of my death to my Wife Elizabeth O. Long to sell and dispose of as she sees fit to do and be sole Executor"
 "Signature"
 "Harry T. Long"
 "(2)
"Should I die first I leave and Bequeath all property Which I possess or May be entitled to at the time of my Death to my Husband Harry T. Long Sr. to sell and dispose of as He sees fit to do and be sole Executor"
 "Elizabeth O. Long"

"(3)"
"Should We both die before this Will is in Effect all We possess or are entitled too shall be given to our daughters Dorothy Long and Natalie Long divided in Equal shares With Power to appoint an attorney to settle the Estate."

"(4)"
"I Harry T. Long Sr. Elizabeth O. Long do Bequeath the Sum of One dollar to Harry Long Jr. Beryl Long and Fred B. Long, also one dollar to Joseph Hoskins Ethyel Hoskins and Robert Hoskins"
 } Harry T. Long Sr.
"Signed and approved }
 } Elizabeth O. Long"
"Witness Clarence F. Fetters
Witness Alice G. Brittingham
Witness M. Connell Whitmarsh Jr."
On July, 11, 1946, Elizabeth O. Long died, predeceasing her husband, at a time when they still held the Westfield property as tenants by the entirety. There is no dispute that upon her death that title became vested by operation of law in Harry T. Long, Sr. Elizabeth O. Long died without owning any other property and the quoted will was not probated at the time of her death.
On January 7, 1951 Harry T. Long, Sr., died and thereafter the quoted will was filed for probate as the last will of Harry T. Long, Sr. It was duly probated and the estate was administered and closed prior to the commencement of this action.
Plaintiffs assert title to the Westfield property under numbered paragraph (3) of the quoted will. Defendant takes the position that such language does not give them title to such property because it does not apply to the situation existing at the testator's death. In order that the court might resolve this will construction problem in an action for specific performance, all the interested parties were permitted to intervene and be heard.
The interveners, being the testator's children by his first wife, take the position that (1) the purported will of Harry T. Long was not his will because it was not in his handwriting and was not signed by him and, (2) even if a valid will, paragraph (3) did not devise the real estate in question to decedent's daughters, the plaintiffs herein, because the situation existing at the testator's death did not bring the language of that paragraph into operation. *232 Consequently they say the property passed as intestate property.
Plaintiffs have first moved to strike those portions of the interveners' answer which challenge the validity of the will. They say that it is an insufficient defense as a matter of law. Plaintiffs' motion must be granted. The very basis for the attack here, viz., the doubt as to the authenticity of the handwriting, was a matter for the exclusive consideration of the Register's Court and, if appealed, the Orphans' Court. This court has held that it will not here permit what amounts to a collateral attack upon the probate of a will. See Delaware Trust Co. v. McCune, Del.Ch., 80 A.2d 507.
I next consider the serious will construction problem raised by plaintiffs' and interveners' motions for summary judgment. The testator died seized of the Westfield property. Admittedly, neither of the first two paragraphs of the will came into operation insofar as the Westfield property is concerned. The sole question is whether paragraph (3) passed title to the plaintiffs.
Plaintiffs necessarily concede that the language "Should We both die before this Will is in Effect" is ambiguous when considered in connection with the situation which arose. But plaintiffs say that the language "before this Will is in Effect" refers only to the disposition which the testators had in mind under paragraph (3) and that in their lay untutored minds they intended this phrase to modify only the words "Should We both die." They intended the phrase to have no reference to any of the other provisions of the instrument, say plaintiffs, because it is obvious that they regarded the first three paragraphs each to be a complete disposition of their entire property. In other words, they say "Will" as used in paragraph (3) referred only to their disposition under paragraph (3).
The interveners contend that the provision covered the simultaneous death situation. They say the testators just did not think through to the situation beyond the death of either and simultaneous death.
Plaintiffs emphasize many rules of construction and in particular the presumption that a testator intends to make a testamentary disposition of all of his property. However, if we ignore the $1 legacies in paragraph (4), it appears that we are dealing with a complete and not a partial intestacy. As is usually the case, there is no quarrel with the cited rules of construction. They have great appeal, particularly the one concerning the avoidance of intestacy. But there are limits to the length the court can properly go in construing a will, particularly when a "plain reading" makes some sense.
The critical language in paragraph (3) certainly could cover the simultaneous death situation. Moreover, the $1 provision in paragraph (4) covering the other children is compatible with this construction since it shows a common intent that in such an eventuality "their" children only, rather than the children by the previous marriages, should share in their property. It is true that if paragraph (3) is construed to apply only to the simultaneous death cases, paragraph (4) is meaningless in other situations. However, provisions of like nature are often meaningless if the premise on which they are founded fails to materialize.
Plaintiffs say "Will" as used in paragraph (3) referred only to paragraph (3) and that so construed both did die before the will took effect and the paragraph therefore passed plaintiffs the title to the Westfield property. This construction would have the effect of making paragraph (3) applicable in any event, even though, like the first two paragraphs, it was apparently worded to cover a particular possibility. Such a construction would, as a practical matter, require me to ignore the word "Should", although it apparently was used in the same sense in each of the first three paragraphs.
Plaintiffs emphasize the youthful age of the testators' daughters (12 and 14 *233 years respectively in 1936) at the time the will was drawn and point out quite logically that the testators must have wanted to protect them rather than the other married offspring by previous marriages. Plaintiffs also note that the testators accumulated little property except the house. It is true that the court will try to give effect to a reasonably ascertainable testamentary scheme of distribution. But that does not justify the distortion of words to cover what amounts to a complete failure to provide for a particular eventuality, or at best, a possible reference thereto in words so doubtful as to take the matter beyond the bounds of reasonable doubt as a construction problem.
From the best reading I can give this will I am forced to conclude that the language "before this Will is in Effect" cannot fairly be construed as showing an intention that paragraph (3) should operate completely apart from paragraphs (1) and (2). It follows that, as to the testatrix, the will took effect prior to the testator's death, even though not then probated. Thus paragraph (3) did not operate at the testator's death to pass title to plaintiffs. It seems to me that the testators just did not think about the possibilities beyond the immediate alternatives.
Since plaintiffs cannot convey a good fee simple marketable title to defendants, it follows that their motion for a summary judgment of specific performance must be denied and interveners' motion for summary judgment dismissing the complaint must be granted.
Order on notice.
NOTES
[1] Interveners' charge that it is not a valid will is considered later in this opinion.