**Anthony CRISCOE, Stanley Criscoe, Michael Criscoe, Anna Lama and Helen Ryan, Plaintiffs,**

v.

**Mary DEROOY, Defendant.**

Court of Chancery of Delaware,
New Castle County.

Submitted Jan. 4, 1978.

Decided March 15, 1978.

---

Joseph M. Bernstein, Wilmington, for plaintiffs.

Paul H. Spiller, Wilmington, for defendant.

HARTNETT, Vice Chancellor.

On June 4, 1973, Rosie Criscoe executed a Will. The Will made bequests to all the plaintiffs who are also heirs at law of Rosie Criscoe but made a greater devise to the defendant. On September 25, 1973, the decedent died. Her Will was proven and admitted to probate before the Register of Wills of Sussex County on October 15, 1973, and Letters testamentary were issued on the same day. The Final Account of the Executor was approved by the Register of Wills on August 8, 1974. However, apparently Delaware Inheritance Taxes were not fully paid until February 28, 1975, and the Certificate of Clearance by the Division of Revenue was issued on March 15, 1975. On August 8, 1977, exactly three years after the Final Account was approved by the Register of Wills of Sussex County, this action was commenced in New Castle County as an action for declaratory judgment praying that this Court find that the Will of Rosie Criscoe was invalid. Defendant, who is the Executor, moved for summary

judgment and this is my Opinion on that motion.

## I

■ At the time of the death of Rosie Criscoe 12 *Del.C.* § 1310(a) provided:

(a) Any person interested who shall not voluntarily appear at the time of taking the proof of a will, or be served with citation or notice as provided in § 1304 of this title, *shall at any time within 6 months after such proof have a right of review* which shall on his petition be ordered by the Register; but unless the petitioner or petitioners shall, within ten days after such review shall have been ordered by the Register, give bond to the State, jointly, and severally if more than one petitioner, with such sureties and in such penal sum not less than $500 and not more than $5,000 as the Register determines, conditioned for the payment of any and all costs occasioned by such review which may be decreed against such petitioner or petitioners, such petition shall be considered as abandoned and shall be dismissed and proceedings may be had in all respects as though no such review had been ordered. Upon such review there shall be the same proceedings as upon a caveat, and the allowance of the will and granting of letters may be affirmed or the will rejected and the letters revoked. (emphasis added)

This section was substantially reenacted as 12 *Del.C.* § 1309(a) which did not become effective until December 25, 1974, after the death of Rosie Criscoe. 59 *Del.L.* c. 384. In any case, the revisions contained in the reenactment are not pertinent to this decision.

The statute is clear and unambiguous. It is a special statute of limitation as to wills. Any person seeking a review of an instrument proven as a will shall, within 6 months after the proof of the will, file a petition seeking the review.

It is conceded that no such petition for review was ever filed. The plaintiffs are therefore barred from seeking to contest the validity of the Will at this late date.

■ The purpose for a 6-month limitation on the time to attack the validity of a will or of a provision therein is clear. It is to permit the prompt and orderly administration of estates. Until the executor is certain that he can rely on the provisions of the will, he cannot settle the estate or pay the Delaware Estate Tax which formerly was due within 14 months of death but is now due within 9 months of death. The tax is assessed according to whom are the beneficiaries of the will. Nor can distribution be made to the beneficiaries. Settlement of the estate of a decedent is ordinarily expected to take place in Delaware within one year of the allowance of the will. See 12 *Del.C.* § 2311.

■ Statutes limiting the time for challenging a will are common in the various states for just this reason. 95 C.J.S. Wills § 359. There is a special public policy in favor of prompt settlement of decedent's estates. *Hartt v. Brimmer,* 74 Wyo. 356, 287 P.2d 645. The statutes are strictly construed. *Strachan v. Nisbet,* 7 Cir., 202 F.2d 216.

## II

■ While conceding the existence of 12 *Del.C.* § 1310(a), plaintiffs argue that 12 *Del.C.* § 1571 somehow negates this statute. At the time of decedent's death 12 *Del.C.* § 1571 stated:

An *appeal* may be taken to the Orphan's Court from the Register exercising jurisdiction touching the grant or revocation of letters, the ordering of further bond, or removal of an executor or administrator; but his act or sentence in any of these particulars shall not be called in question, except before him or on appeal.[1] (emphasis added)

Plaintiffs note that 12 *Del.C.* § 1571 contains no time limitation for taking appeals.

---

1. The statute quoted was in effect as of the date of death of the Testatrix. It has subsequently been repealed. The repeal however did not affect the estate of decedent who died prior to December 25, 1974. 59 Del.C., Ch. 384 § 3.

Plaintiffs' reliance on 12 *Del.C.* § 1571 is misplaced however. This section, by its terms, is limited to appeals. The provisions of this section do not become pertinent until after the Register has received and ruled upon the petition to challenge the will. "Appeal" has been defined:

1. "An 'appeal' is a step in a judicial proceeding, and in legal contemplation there can be no appeal where there has been no decision by a judicial tribunal. Two things are essential to an appeal in its proper sense: First, the decision of a judicial tribunal, and, second, a superior court invested with authority to review the decision of the inferior tribunal." Black's Law Dictionary, 4th Ed., citing *Peoples ex rel. Nelson Bros. Storage & Furniture Co. v. Fisher*, 373 Ill. 228, 25 N.E.2d 785, 787.

2. " . . . The complaint to a superior court of an injustice done or error committed by an inferior one, whose judgment or decision the court above is called upon to correct or reverse." Black's Law Dictionary, 4th Ed.

3. "The removal of a cause from a court of inferior to one of superior jurisdiction, for the purpose of obtaining a review and retrial." Black's Law Dictionary, 4th Ed., citing *Hall v. Kincaid*, 64 Ind.App. 103, 115 N.E. 361, *Lea County State Bank v. McCaskey Register Co.*, 39 N.M. 454, 49 P.2d 577, 579.

4. " . . . A rehearing by a superior court on both law and fact, a process of civil law origin, and the usual and appropriate mode of review for cases originating in a court of equity." Black's Law Dictionary, 4th Ed., citing *Sohland v. Baker*, Del.Supr., 141 A. 277, 283 (1929).

A petition to challenge the provisions of the Will was never filed (and cannot be filed at this late date), therefore there can be no appeal to this Court under 12 *Del.C.* § 1571.

### III

In many states the statute of limitations relating to wills contains savings clauses in favor of persons who are absent or under disability. The Delaware statute contains no such disability and, in any case, no disability is alleged in the Complaint.

■ It should be noted that a long acquiescence or delay in contesting a will will result in laches where the aid of equity is sought. See 95 C.J.S. Wills § 359 citing: *Dodge v. Detroit Trust Co.*, 300 Mich. 575, 2 N.W.2d 509 (1942).

It has also been held that persons who are named beneficiaries under a will and have notice of the will are guilty of laches if they delay attacking the will for even a short time. See 95 C.J.S. Wills § 360. Here the plaintiffs all received bequests under the Will and were close relatives of the decedent.

It appears, therefore, at least *prima facie,* that delaying until almost 4 years after the Will was proven, and 3 years after the Estate was settled before seeking a review of the Will, constitutes laches. I need not reach the question of laches, however, in view of the clear mandate of 12 *Del.C.* § 1310(a).

■ It should also be noted that even fraud does not toll a statute which limits challenges to the validity of a will. *Miller v. Munzer*, St. Louis, Mo., Ct. of App., 251 S.W.2d 966 (1952).

### IV

■ Plaintiffs also argue that 57 *Del.L.* Ch. 402 § 4 (enacted in 1970) vests the Court of Chancery with some type of jurisdiction which it did not formerly possess. That section states:

Section 4. Appeals from the Register's Court shall be taken to the Court of Chancery. In cases where a Register of Wills is interested in questions concerning the probate of wills, the granting of letters of administration, or executors' or administrators' accounts, the cognizance thereof shall belong to the Court of Chancery. Exceptions to accounts of executors or administrators shall be taken to and heard by the Court of Chancery.

This section is merely a reenactment of the ancient act providing for appeals and pro-

viding that in cases where the Register of Wills is disqualified for interest, his place was taken by the old Orphans' Court. It merely substitutes the Court of Chancery for the now abolished Orphans' Court. See 12 *Del.C.* 1953 § 2501; Code of 1852 § 1869. The same provision is contained in Del. Const. art. IV, § 31.[2]

Obviously 57 *Del.L.* ch. 402 did not confer any new original jurisdiction upon this Court. The section is applicable only to appeals or where the Register of Wills is disqualified because of interest. No allega-

tion of disqualification has ever been made in this matter.

Defendant's Motion For Summary Judgment is therefore granted.

So ordered.

---

**2.** Del.Const. art. IV, § 31 states:

The Registers of Wills of the several counties shall respectively hold the Register's Court in each County. Upon the litigation of a cause the depositions of the witnesses examined shall be taken at large in writing and made part of the proceedings in the cause. This court may issue process throughout the State. Appeals may be taken from a Register's Court to the Orphans' Court. In cases where a Register of Wills is interested in

questions concerning the probate of wills, the granting of letters of administration, or executors' or administrators' accounts, the cognizance thereof shall belong to the Orphans' Court.

The jurisdiction of the Orphans' Court and the Register of Wills was transferred to this Court pursuant to Del.Const. art. IV, § 32 effective December 25, 1974, after the death of Testatrix. 59 *Del.L.* Ch. 384.