**Carole A. CHAMBERS, Plaintiff, Appellant,**

v.

**Richard L. KANE, individually and as Trustee, Defendant, Appellee,**

**Sally Kane, Intervenor/Defendant, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 17, 1981.

Decided Nov. 5, 1981.

**164**

Richard R. Wier, Jr. (argued), Walter P. McEvilly, Jr., and James P. Dalle Pazze of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for plaintiff-appellant.

H. Albert Young (argued), Bruce M. Stargatt and Richard H. Morse (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant-appellee Richard L. Kane.

Suzanne Curran Donovan (argued), of Bader, Dorsey & Kreshtool, Wilmington, for intervenor/defendant-appellee Sally Kane.

Before DUFFY, McNEILLY and QUILLEN, JJ.

PER CURIAM:

Carole A. Chambers (plaintiff) brought an action in the Court of Chancery against her brother, Richard L. Kane (defendant), individually and as a successor trustee of a residuary trust created under the will of John W. Kane, the deceased father of both parties. Thereafter, Sally H. Kane, the mother of the parties, intervened in the lawsuit.

For present purposes, the critical issues are alleged in the second count of the complaint. Briefly, plaintiff seeks an accounting from her brother and a surcharge against him for loss and diminution of their mother's assets which, she says, resulted from an abuse of the confidential relationship which defendant has with Mrs. Kane and the exercise by him of undue influence over her. The assets in issue are alleged to have been part of the residuary trust created in Mr. John Kane's will which gives Mrs. Kane the power to appoint any remaining principal in her will. She has done so, says plaintiff, in equal income shares to plaintiff and to her brother. Thus any wrongful diminution of the residual trust may damage plaintiff.

On defendant's motion, the Court of Chancery concluded that the complaint did not state a cause of action as to which equitable relief can be granted during the lifetime of Mrs. Kane. *Chambers v. Kane*, Del.Ch., 424 A.2d 311 (1980). Plaintiff then docketed this appeal.

All pertinent facts are stated in the Vice Chancellor's opinion and there is no need to repeat them here. It is our understanding that the issue was litigated and decided below almost, if not entirely, on the basis of the claim for wrongful or tortious interference with a right of expectancy which plaintiff has under the will of her father, through the exercise by her mother of the power of appointment. In this Court, however, and at oral argument particularly, the emphasis by plaintiff was on the minimum allegations which must be pleaded in a complaint to withstand a motion to dismiss for failure to state a claim.

It is admittedly difficult to sort out the several theories on which the second count in the complaint appears to be based. In part, at least, this results from the somewhat different approach which plaintiff has argued here and in the Trial Court. And Mrs. Kane was not joined as a party when the lawsuit was begun. Given this state of affairs, our view of the case differs from that of the Court of Chancery and, perhaps, from that contemplated by any party. Taking the case as we find it, we make two rulings.

■ First, to the extent that plaintiff seeks an independent or personal judgment against her brother on the basis of the allegations in the complaint, we are satisfied that the Vice Chancellor made the correct ruling and, to that extent, the judgment will be affirmed.

■ Second, to the extent that plaintiff seeks relief for the benefit of Sally Kane (who is now a party) or the residuary trust created under John Kane's will, tested by

the familiar rule governing notice pleadings, *Klein v. Sunbeam Corp.*, Del.Supr., 94 A.2d 385, 391 (1952), the judgment will be reversed. In our view, the allegations that Mrs. Kane is seventy-five years of age, that she is in poor physical health, that she is partially paralyzed by a stroke, that she is unable to manage her assets and that defendant has wasted her for his own benefit, brings the complaint within the provisions of 12 *Del.C.* § 3914(a).\* This aspect of the second count of the complaint, that is, any attempt to recover for the benefit of the residuary trust for Mrs. Kane or for her estate, depends initially, of course, on whether she is and has been competent and able to manage her own affairs during the period in issue. If she has been competent, that may end this phase of the lawsuit. Compare *In re Conner*, Del.Ch., 226 A.2d 126 (1967). And if the litigation continues, it seems to us that that should be the first inquiry made by the Trial Court.

Affirmed in part, reversed in part and remanded for proceedings consistent herewith.

---

\* That Statute provides:

> "Whenever any person not mentally ill, a resident in this State, by reason of advanced age or mental infirmity or physical incapacity is unable properly to manage and care for his person or property and in consequence thereof is in danger of dissipating or losing such property or of becoming the victim of designing persons or, in the case where a guardian of the person so sought, such person is in danger of substantially endangering his health, or of becoming subject to abuse by other persons or of becoming the victim of designing persons, such person, his mother, father, brother, sister, husband, wife, child, next of kin, creditor, debtor, any public agency or, in the absence of such person or persons or public agency or their refusal or inability to act, any other person may file in the Court of Chancery of the county in which such aged, mentally infirm or physically incapacitated person resides his petition, under oath, setting forth the facts, praying the Court to adjudge that such person is unable properly to manage and care for his person or property and requesting the appointment of a guardian of the person or property of such person."