DLD-088                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1435
_____

TONY R. HARPER,
                              Appellant

v.

DOMENIC DINELLA, Individually and in his Official Capacity;
LPH R. DONATUCCI, Individually and in his Official Capacity;
REGISTER OF WILLS; PLUMMER J. HARPER, Individually and in
his Official Capacity; MARCEL HARPER, Individually and in his
Official Capacity; COMMONWEALTH OF PENNSYLVANIA CLERK'S OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-03438)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2015
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Filed: January 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tony Harper, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his 42 U.S.C. § 1983 complaint. For the reasons set forth below, we will summarily affirm.

I.

Harper's claims stem from his efforts to challenge the distribution of his father's assets. He claims that his brothers took money and property that he was entitled to, and that officials failed to file his objections to his father's will in 2007. Harper tried to sue his brothers and the Wills officials in state court for the same conduct in 2013. His state court action was never filed, however. As such, the present case action includes his claims against his brothers and the Wills officials, as well a claim against the Prothonotary for the Philadelphia County Court of Common Pleas for denying him access to the courts.

Pursuant to its screening obligations under 28 U.S.C. § 1915A and a motion to dismiss filed by defendants Dinella and Donatucci, the District Court dismissed Harper's complaint in full. Harper timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We will summarily affirm the District Court's judgment because this appeal does not present a substantial question.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The district court correctly concluded that it lacked jurisdiction over Harper's claims against his brothers.  Harper and his brothers are citizens of Pennsylvania, and federal courts "do not ordinarily have jurisdiction to set aside a will or the probate thereof."  Moore v. Graybeal, 843 F.2d 706, 709 (3d Cir. 1988).  Without diversity or federal question jursidiction, the District Court had no authority to hear Harper's claims against his brothers, and dismissal was proper.  See 28 U.S.C. §§ 1331-1332.

We also agree with the District Court's conclusion that Harper's claims against the officials that allegedly failed to file his objections to his father's will were untimely.[1]  For § 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued.  See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).  A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based."  Kach, 589 F.3d at 634 (internal quotation marks omitted).  The defendants allegedly failed to file Harper's objections in March 2007, making his June 2013 complaint more than four years delinquent.

---

[1] Although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), if it is obvious from the face of the complaint that a claim is barred by the applicable statute of limitations and no development of the record is necessary, a court may dismiss the claim sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii).  See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Finally, we agree, albeit for slightly different reasons, with the District Court's decision to dismiss Harper's access to courts claim against the Prothonotary. An access to courts claim "is ancillary to the underlying claim," and, as such, Harper "must identify a 'nonfrivolous,' 'arguable' underlying claim." Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis v. Casey, 518 U.S. 343, 353 & n.3 (1996)). Harper's underlying action was against his brothers and the Wills officials for their conduct summarized above. The underlying complaint is not completely clear, but Harper seems to allege that the defendants committed fraud and generally engaged in intentional and negligent tortious conduct. Such conduct, which Harper alleges occurred in 2007, is subject to a two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524(7). Harper attempted to file the underlying action in February 2013, several years too late. Given that the only discernible claims in Harper's underlying action were time-barred, Harper fails to identify a nonfrivolous or arguable claim on which to base his access to courts claim against the Prothonotary. As such, dismissal was proper. See Harbury, 536 U.S. at 415-16.

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because Harper's claims fail as a matter of law, however,

4

amendment would be futile.  As such, the District Court properly dismissed the complaint without granting leave to amend.

III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.