GARRETT *v.* MENDENHALL, EXECUTOR.

4-7853                                                   192 S. W. 2d 972

Opinion delivered March 11, 1946.

*Henry Stevens* and *A. R. Cheatham,* for appellant.

*Ezra Garner,* for appellee.

HOLT, J. Miss Nannie Garrett died testate March 31, 1942. She left no bodily heirs. Her will, which was duly probated April 25, 1942, provided: "1. I desire that all my just debts, funeral expenses and doctor bills be paid as soon after my decease as can be conveniently done. 2. After the payment of my just debts, doctor bills, I give, devise and bequeath to each of my brother and sisters, the sum of one dollar ($1.00) and if either of them

be dead, then in that event, the one dollar ($1.00) willed to them, shall go to their heirs or estate. 3. I hereby authorize and direct my Executor hereinafter named to erect a Monument of White Marble, at my grave, as soon after my decease as can be conveniently done, and I direct that he is authorized to expend the sum not exceeding $1,000 for the cost of said monument. 4. It is my desire that my remains be interred in the cemetery at Antioch East and my Executor is hereby authorized and directed to expend the sum not exceeding $250 for my burial expenses. 5. All the rest, residue and remainder of my estate to be the same moneys, notes, accounts, personal property and real estate, I give, devise and bequeath to the Trustees of the Missionary Baptist Church at Antioch East, and to their successors in office for them to use as to them seemeth best, for the best interest of said church and community. That they see that my grave is cared for and kept in good condition forever. 6. For the purpose of carrying out the above provision of my last Will and Testament, I hereby constitute and appoint E. C. Mendenhall to be sole executor of this my last Will and Testament, and I hereby direct that he be permitted to serve as such executor without bonds.

"Having studied the matter of disposing of my property after my decease, which has been no little question for me to settle, I have made the above will without the persuasion or undue influence from anyone, and that last Will and Testament clearly speaks my mind as to the disposition of my property, and I have read and had the same read to me and I desire that it stand as written."

Appellants, the collateral kinsmen of Miss Garrett, filed the present suit in the Columbia chancery court August 1, 1944, in which they alleged: "First. Miss Nannie Garrett departed this life March 31, 1942, and she left no bodily heirs. Second. The above named plaintiffs are the heirs and only heirs of the said Miss Nannie Garrett. Third. Miss Nannie Garrett executed what she termed a Will the _____ day of April, 1939. The Will was filed for probate April 25, 1942, and the Will was pro-

bated on April 25, 1942. Fourth. Miss Nannie Garrett was declared mentally incompetent August 9, 1940. Fifth. On August 28, 1940, A. P. Garrett was appointed Guardian of her person and of her estate and after having given bond as provided by law, he took charge of the property of said estate and still has, after paying certain expenses of guardianship, said property in his possession under his bond, and further there are expenses of said guardianship unpaid. Sixth. Plaintiffs for their cause and grounds for this Bill further allege that as heretofore set out in this Bill, that A. P. Garrett took charge of the property on his giving a bond according to law; that he now holds said property and is entitled to the same by reason of said bond; that the alleged executor herein has no right to said property or any part of same for the reason said alleged will is void and the heirs of Miss Nannie Garrett, deceased, and her assigns are the owners of same. Seventh. They state as heretofore that the will under which E. C. Mendenhall claims the right to possession of said property and the right to administer same is void and for reasons state:

"The will itself: (a) Does not designate any beneficiary. (b) Does not designate any person or any interest as the object of her beneficence. (c) It does not designate any purpose whatever to which and for which this beneficence is to be used. (d) The will in itself is objectionable because it attempts to establish a perpetuity. (e) The will is inconsistent to the extent of a repugnancy in that it attempts to vest the title in trustee and then designates E. C. Mendenhall as the executor named 'for the purpose of carrying out the above provisions of my Last Will and Testament.' The plaintiffs filed a copy to the will herein referred to and mark it Exhibit 'A' to this bill. Wherefore, plaintiffs pray judgment declaring said will void and for all other and proper relief."

May 28th thereafter, the following amendment to this complaint was filed: "1st. Come the plaintiffs herein and ask the court to allow them to amend their second paragraph of their complaint so as to allege Henry Ste-

vens is an assignee instead of an heir. 2nd. To amend by making the trustees of the Missionary Baptist Church at Antioch East a party defendant. 3d. To amend the fifth paragraph of their complaint by adding thereto the property in his possession aggregates in value between $8,000 and $10,000 consisting of U. S. Bonds, deposits in banks and real estate.''

Appellee, executor under the will, on September 25, 1944, filed a demurrer in which he alleged, among other things, that the court was without jurisdiction and that the complaint did not state facts sufficient to constitute a cause of action.

May 28, 1945, the trial court sustained the demurrer and dismissed the complaint and amendment thereto for want of equity. This appeal followed.

By the will, the testatrix gave to each of her brothers and sisters or their heirs or estates, one dollar. She authorized her executor to pay her debts, to erect a monument at her grave at a cost not to exceed one thousand dollars, to inter her remains in the Antioch East Cemetery at a cost not to exceed two hundred and fifty dollars, and the remainder of her estate ''be the same moneys, notes, accounts, personal property and real estate,'' she devised and bequeathed ''to the Trustees of the Missionary Baptist Church at Antioch East, and to their successors in office, for them to use as to them seemeth best for the church and community.'' It thus appears that definite disposition, to designated beneficiaries, was made of all the property the testatrix owned.

We find no ambiguity in its provisions and no doubt, in the meaning of the language used, that would require judicial interpretation or construction. *Quattlebaum* v. *The Simmons National Bank, Admr.* 208 Ark. 66, 184 S. W. 2d 911.

The devise to the Trustees of the Missionary Baptist Church at Antioch East is clearly a definite devise creating a trust, for a charitable use, for the benefit of an indefinite number of persons, and does not fall within the

rule against perpetuities. The court had jurisdiction. See the recent case of *Jesseph* v. *Leveridge*, 205 Ark. 665, 170 S. W. 2d 71. The devise is good whether the church be an incorporated or an unincorporated .religious body. Appellants do not allege in their complaint that the Missionary Baptist Church at Antioch East is not in existence or that there is no such organization.

In *Biscoe* v. *Thweatt*, 74 Ark. 545, 86 S. W. 432, 4 Ann. Cas. 1136, this court held (headnote 1) : ''A devise to the vestrymen of a church, an unincorporated religious body, for the use and benefit of such church, is a good charitable devise, is not too indefinite for fulfillment, and is not within the rule against perpetuities,'' and in the body of the opinion, said: ''By the law of England from before the statute of 43 Eliz., c. 4, and by the law of this country at the present day (except in those States in which it has been restricted by statute or judicial decision, as in Virginia, Maryland and more recently in New York) trusts for public charitable purposes are applied under circumstances under which private trusts would fail. Being for objects of permanent interest and benefit to the public, they may be perpetual in their duration, and are not within the rule against perpetuities; and the instruments creating them should be construed so as to give them effect if possible, and to carry out the general intention of the donor, when clearly manifested, even if the particular form and manner pointed out by him cannot be followed. They may, and, indeed, must, be for the benefit of an indefinite number of persons; for, if all the beneficiaries are personally designated, the trust lacks the essential element of indefiniteness, which is one characteristic of a legal charity. If the founder describes the general nature of the charitable trust, he may leave the details of its administration to ·be settled by trustees under the superintendence of a court of chancery. *Russell* v. *Allen*, 107 U. S. 163, 2 S. Ct. 327, 27 L. Ed. 397. The same case further held a devise to. an unincorporated charity to be valid. . . . It is well settled that a devise for a charitable use to church wardens, although not

a corporation capable in law of holding and transmitting property, will be sustained."

Having reached the conclusion that the complaint and amendment thereto did not state a cause of action, the decree sustaining the demurrer was correct, and accordingly, it is affirmed.