CURRY *v.* GUARANTY LOAN & TRUST COMPANY.

4-8449                                                    208 S. W. 2d 465

Opinion delivered February 23, 1948.

*David Solomon, Jr.,* and *John C. Sheffield,* for appellant.

*Jo M. Walker,* for appellee.

*Scott Wood, Morton Bearman* and *Frey & Korngold, amici curiae.*

ROBINS, J.   Asserting that they were heirs at law of Mrs. Belle H. McKenzie, who died testate on December 1, 1946, appellants brought this suit in the chancery court against appellee, Guaranty Loan & Trust Company, the executor of said decedent, and against appellees, E. R. Crum, Robert G. Howard and Jo M. Walker, the trustees named in her will, which had already been admitted to

probate without objection. Appellants alleged that the disposition of her residuary estate, made by Mrs. McKenzie in Item 26 of her will, was void and they prayed that, since she died intestate as to this property, the executor be required to turn same over to appellants as heirs.

The lower court sustained a demurrer of appellees to the complaint, and entered decree dismissing the complaint. Appellants ask us to reverse that decree.

The will in question here contained numerous bequests and devises, none of which was to any of appellants, and Item 26, the part of the will under consideration here, was as follows: "All the rest, residue and remainder of the property real, personal and mixed, which I may own at the time of my death, or to which I may be entitled, I hereby devise and bequeath unto said trustees, with the right in them to sell and dispose of said property by sale, at such time or times and in such manner as they may deem best; the proceeds from such sales, together with all money and bonds, as may come into their hands as such trustees to be given to some foundation, or organization whose purpose it is to discover a cure for rheumatism; provided that if such trustees cannot agree upon a foundation or organization engaged in such investigation, they may give and donate such proceeds to any charitable institution or institutions, foundation or foundations, organizations or organization, upon which they may all agree. And I hereby nominate and appoint E. R. Crum, Robert G. Howard, and Jo M. Walker, trustees to carry out the above trusts. I direct that they be paid the sum of two hundred and fifty dollars each by the executor of this my last will and testament, for their services as such trustees."

It is first argued by appellants that the trust created by Item 26 of the will must fail because there is no definite or definitely ascertainable beneficiary designated by the testatrix. But the testatrix did designate the class in which her beneficiary should be found, and left to her trustees the duty and power to select, from the class of institutions pointed out by her, the beneficiary which in their judgment should enjoy her bounty. This was a suf-

ficiently definite designation. "If the founder describes the general nature of the charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery." *Russell* v. *Allen*, 107 U. S. 163, 2 S. Ct. 327, 27 L. Ed. 397. See, also, *Biscoe* v. *Thweatt*, 74 Ark. 545, 86 S. W. 432, 4 Ann. Cas. 1136; *McDonald* v. *Shaw*, 81 Ark. 235, 98 S. W. 952; *Garrett* v. *Mendenhall, Executor*, 209 Ark. 898, 192 S. W. 2d 972.

It is next urged by appellants that, in order to be valid, the trust created in Item 26 must be a charitable trust, and that the trust provided for in said item was not such because the language of the will did not exclude the possibility of property of the testatrix going to a corporation engaged in business for profit. Conceding the correctness of appellants' position as to the necessity of exclusion of profit making institutions, we think that a fair interpretation authorizes the holding that such an exclusion is found in the language of the will. The testatrix provided that the property should be received by "some foundation, or organization [to be selected by the trustees] whose purpose it is to discover a cure for rheumatism." And she further directed that if the trustees could not agree upon a suitable recipient under this clause, they might donate the fund "to any charitable institution or institutions, foundation or foundations, organization or organizations, upon which they may all agree."

In construing a will we may not look to a clause or a sentence thereof standing alone, but we should "ascertain the intention of the testator from the language used as it appears from consideration of the entire instrument." *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524. When all the language of this portion of the will is given consideration and effect we think it clearly appears that the testatrix was not providing for any institution, other than a charitable one, to become recipient of her gift.

The lower court therefore properly sustained appellee's demurrer and dismissed appellants' complaint.

Affirmed.