**Wilma KRUEGER and Harold Stuller, Appellants,**

v.

**FARMERS AND MERCHANTS BANK OF HANNIBAL, MISSOURI, Executor of the estate of Charles Six, Dorothy James and Jean Chapman, Appellees.**

**No. 83–1760.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1983.

Decided Nov. 23, 1983.

Michael J. Hollahan, Tucker & Hollahan, Pittsfield, Ill., Howard Snowden, La Grange, Mo., for appellants.

Charles E. Rendlen, Branham Rendlen, Rendlen, Rendlen, Ahrens, Browne & Rendlen, P.C., Hannibal, Mo., for appellees.

Before HENLEY, Senior Circuit Judge, and J.R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

The parties having failed to raise the issue, we are obliged to address the question of subject matter jurisdiction on our own motion. A short statement of the case's factual and procedural background will suffice.

Wilma Krueger and Harold Stuller attack the validity of a will executed by Charles Six on May 6, 1981, and admitted to probate in state court on the ground that Six was of "unsound mind and memory" at the time of its making. The plaintiffs are not named as beneficiaries in this will, nor are they blood relatives of Six. Krueger and Stuller seek to supplant this will with a will dated April 1, 1980, it being their contention that Six was "of good health and of sound mind" at the time of the former will's execution. They would share in the residuary estate under the former will. Charles Six died on July 12, 1981. Because the district court concluded that even if the second will was declared invalid, Krueger and Stuller would not take under the first will because it was not timely probated, nor would they take by inheritance, see Mo.Rev.Stat. § 474.010, it ruled that Krueger and Stuller lacked standing to contest the will. Hence, the district court, 565 F.Supp. 455, granted summary judgment in favor of Farmers and Merchants Bank of Hannibal, Dorothy James, and Jean Chapman.

■ This case, entailing nothing more than a will contest, is simply an extension of state probate proceedings. It does not involve a dispute between parties who, having accepted a will's existence, differ as to its effect or construction. Thus, the case falls squarely within the settled rule that federal equity jurisdiction will not be entertained in a suit to set aside a will or the probate of a will. *See Sutton v. English,* 246 U.S. 199, 205, 38 S.Ct. 254, 256, 62 L.Ed. 664 (1918); *Michigan Tech Fund v. Century National Bank,* 680 F.2d 736, 739 (11th Cir. 1982); *Rice v. Rice Foundation,* 610 F.2d 471, 474–76 (7th Cir.1979); *Bassler v. Arrowood,* 500 F.2d 138, 141 (8th Cir.1974), *cert. denied,* 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815 (1975); *Lamberg v. Callahan,* 455 F.2d 1213, 1216 (2d Cir.1972); *Mitchell v. Nixon,* 200 F.2d 50, 51–52 (5th Cir.1952).

Federal jurisdiction lacking in this case, we remand to the district court with directions to vacate its judgment and assess costs against Krueger and Stuller.