Frances LANCASTER and Larry Lancaster, Plaintiffs,

v.

MERCHANTS NATIONAL BANK OF FORT SMITH, ARKANSAS, Defendant.

Civ. No. 90–2172.

United States District Court, W.D. Arkansas, Fort Smith Division.

Dec. 20, 1990.

---

O. Christopher Meyers, Lawton, Okl., for plaintiffs.

James M. Llewellyn, Jr., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

In February, 1988, Chester Chapin Kingsbury and his wife Grace executed mirror-image inter-vivos trust agreements, and on the same day they executed wills leaving their entire estates to their respective trusts. Chester Kingsbury died in May of 1989 and his wife Grace died the following September; both wills have been admitted to probate in Sebastian County, Arkansas, Probate Court. Plaintiffs Frances and Larry Lancaster, who invoke this

court's diversity jurisdiction, claim to be the sole heirs at law of Mr. and Mrs. Kingsbury. In their complaint they ask the court to find that the trust documents do not establish valid charitable trusts and to declare a constructive trust in their favor.

Plaintiffs filed their action in this court on August 31, 1990. About two weeks later, defendant, trustee of the Kingsburys' inter-vivos trusts, filed an action in the Sebastian County Chancery Court against both the present plaintiffs and the individual directors appointed to administer the Kingsburys' trusts. In that action, defendant asked the Chancery Court to reform the trust instruments to eliminate any language in them which would allow the directors to distribute funds to entities which are not charitable.

Defendant now moves to dismiss the present action on the grounds that the federal courts have no power to hear probate matters, and it also urges the court to abstain from exercising jurisdiction, even if it has it, because of the pendency of the suit in the Sebastian County Chancery Court. The parties have stipulated that if the court overrules defendant's contentions it may proceed to rule on the merits and go to judgment on the basis of the record already before it.

## I.

■ It is well settled that a federal court has no jurisdiction to probate a will or administer an estate. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Sutton v. English*, 246 U.S. 199, 205, 38 S.Ct. 254, 255, 62 L.Ed. 664 (1918). But those questions which relate to the "interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy." *Sutton*, 246 U.S. at 205, 38 S.Ct. at 255. In this case, it appears that jurisdiction is appropriate since a resolution of this matter by this court will not interfere with the County Probate Court's

jurisdiction: Plaintiffs do not ask the court to declare any will invalid or to administer any estate; rather, plaintiffs ask the court to declare that the Kingsburys' inter-vivos trust documents do not establish valid charitable trusts.

■ Defendant also asks the court to abstain from the exercise of such jurisdiction that it finds to exist and allow the Sebastian County Chancery Court to proceed on the claims presented to it. While the Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–14, 818–19, 96 S.Ct. 1236, 1244–45, 1246–47, 47 L.Ed.2d 483 (1976), indicated that the pendency of a claim in a state court is a consideration in deciding whether to proceed in a case, the issues involved in this case were not presented to the Sebastian County Chancery Court until after plaintiffs filed the instant lawsuit. In an action to construe a trust, as between federal and state courts having concurrent jurisdiction over the subject matter, the court first acquiring it has exclusive jurisdiction. *See Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939). The court will therefore not abstain.

## II.

Defendant has alleged other matters against plaintiffs' complaint in its motion to dismiss. But since these matters are concerned with the ultimate merits of plaintiffs' claim, and since the parties have agreed that the court can proceed to judgment on the basis of the pleadings and other documents already before the court, the court passes to a consideration and resolution of the present dispute.

Paragraph four of the relevant trust instruments provides for payment of income annually "to one or more nonprofit entities selected by majority vote of the Board of Directors which qualify as Charitable Entities for purposes of Federal Tax Code, so that contributions thereto are fully deductible for Federal Income Tax purposes." The same paragraph directs the trustee to pay the corpus of the trust "to one or more individuals or entities selected by the Board of Directors regardless of whether or not

contributions to such individuals or entities are fully deductible for Federal Tax purposes." Paragraph five contains an assertion that "[i]t is the intent of the Grantor that the Board of Directors have the authority to either perpetuate the Trust by retaining, investing and re-investing the Corpus thereof or to terminate the trust by distributing all of the Corpus thereof over whatever period of time is deemed appropriate by the Board of Directors to selected beneficiaries."

■ The Supreme Court of Arkansas recognizes the common-law Rule Against Perpetuities and has done so since 1840. *See Moody v. Walker*, 3 Ark. 147 (1840). This well-known rule of property declares void any future interest which will not necessarily vest within some life in being at the time of its creation plus twenty-one years. *See Cotham v. First National Bank*, 287 Ark. 167, 697 S.W.2d 101 (1985); *Comstock v. Smith*, 255 Ark. 564, 501 S.W.2d 617 (1973); *see also* J. Gray, *The Rule Against Perpetuities* § 201 (3d ed. 1915). It has to be obvious that the instruments under scrutiny here fail to comply with this rule, for there was no one alive at the time that the future interests under the trusts were created to whom one can point and say with certainty that those interests would vest within twenty-one years after his death. Because the trusts are of potentially perpetual duration, distributees could be chosen long after everyone who was alive when the trusts were created had been dead for twenty-one years, and since the interest of such a beneficiary could not vest any earlier than the moment he or she is chosen as a beneficiary, if not until the time of actual distribution, the rule against remote vesting is manifestly violated.

■ Defendant insists, however, that the trusts relevant here are exempt from the Rule Against Perpetuities because they are charitable. The court disagrees. The restriction on gifts of income that they must be made to entities that could qualify the trusts for a tax deduction probably does not save the income interests, because there are some organizations that are classified as charitable for tax purposes that might well not qualify as such under common-law definitions of charities. For instance, 26 U.S.C. § 170(c)(3) makes tax exempt gifts to "[a] post or organization of war veterans," and the court does not believe that the Supreme Court of Arkansas would recognize as charitable a perpetual trust for the support, say, of a local V.F.W. or American Legion post. In order to be charitable at common law, a trust must have been established for the relief of poverty, the advancement of education or religion, the promotion of health, or such similar purposes. *See Restatement (Second) of Trusts* §§ 368–374 (1959). At best, therefore, a trust that limits its contributions to those entities that will qualify it for a tax deduction would be a so-called mixed trust, that is, one that is both an ordinary private one and a charitable one. But this construction is unavailable here, since it would be theoretically possible for the trustees to devote all of the income to objects that would make their gifts tax deductible but nevertheless not charitable in the common-law sense.

The future interests that the relevant trusts create in the corpus are even more obviously defective. The trustees are specifically authorized to distribute the entire principal to any person at any time, without regard to any object that could even remotely be described as charitable.

Since all the future interests created by these trusts in both income and corpus violate the Rule Against Perpetuities, the trusts cannot stand.

### III.

■ When a trust fails at its inception, the trustees hold the property upon a resulting trust for the settlor or his estate. *See* Restatement (Second) of Trusts § 411. The court will therefore order the trustees of the relevant trusts to pay over the corpus to the personal representative of the

decedents for administration along with the other assets of the estates.