**Frances LANCASTER; Larry Lancaster, Appellees,**

**v.**

**MERCHANTS NATIONAL BANK OF FORT SMITH, ARKANSAS, Appellant.**

No. 91–1128.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1991.

Decided April 7, 1992.

**714**

William P. Thompson, Fort Smith, Ark., argued (M. Keith Blythe and James Llewellyn, Jr., on brief), for appellant.

O. Christopher Meyers, Lawton, Okl., argued, for appellees.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Merchants National Bank (Merchants) appeals the district court's judgment, which held that Chester and Grace Kingsbury's trusts were not charitable and, thus, were void because they violated the rule against perpetuities. We reverse.

## I. BACKGROUND

The Kingsburys established two mirror image *inter vivos* trusts on February 19, 1988. They named Merchants to serve as the trustee, following Chester's death, and established a board of directors to administer the trusts. The Kingsburys provided some assets to form the trust corpus. In addition, a pour-over provision in both Kingsbury wills bequeathed all assets of their respective estates, after payment of taxes and expenses, to Merchants as trustee of the trusts. The Kingsburys died in 1989 and their wills were admitted to probate the same year.

The dispositive portions of the two identical trusts are as follows:

Paragraph 4 [distribution provision]:

The Trustee is directed to *pay over and deliver at least 100% of the income from this Trust* and any Trust combined therewith annually or more frequently, *to one or more nonprofit entities selected by majority vote of the Board of Directors which qualify as Charitable Entities for purposes of Federal Tax Code,* so that contributions thereto are fully deductible for Federal Income Tax purposes. The Trustee is also directed to *pay over and deliver any additional sums up to and including all of the assets of this Trust to one or more individuals or entities selected by the Board of Directors regardless of whether or not contributions to such individuals or entities are fully deductible for Federal Tax purposes.* (emphasis added)

Paragraph 5 [additional restrictions on distribution]:

The Board of Directors shall meet at least annually, and more frequently as it deems necessary to select one or more *individuals or entities with financial needs that are not being adequately provided for otherwise, and shall then, by majority vote, direct the Trustee to expend such sums as are appropriate to assist in meeting those financial needs.* The selection of individuals and entities to whom contributions will be made by this Trust shall be at the absolute discretion of the Board of Directors except that *the income from the Trust shall be distributed only to recipients that qualify under the Federal Tax Code* so that contributions thereto are fully deductible for Federal Tax Purposes. The Board of Directors is not required to maintain this Trust in force perpetually and is *authorized to distribute any or all of the assets thereof to selected recipients in its discretion.* It is the intent of the Grantor that the *Board of Directors have the authority to either perpetuate the Trust by retaining, investing and reinvesting the Corpus thereof or to terminate the Trust by distrubuting [sic] all of the Corpus thereof over whatever period of time is deemed appropriate by the Board of Directors to selected beneficiaries.* (emphasis added)

Frances Lancaster and Larry Lancaster (the Lancasters), the Kingsburys' niece and nephew-in-law, instituted an action in the district court, on August 31, 1990. The

Lancasters sought injunctive relief and a declaration that the Kingsburys' trusts were void for failure to designate beneficiaries and violation of the rule against perpetuities. Jurisdiction was invoked under 28 U.S.C. § 1332 (1988), based on diversity of citizenship. Ten days after the Lancasters filed their suit, Merchants filed a suit in the Sebastian County Chancery Court seeking a declaration that the Kingsburys' trusts were charitable and that the trusts could only be administered in conformity with that purpose. The suit also sought reformation of the trusts to restrict the distribution of the corpus only to charitable entities eligible to receive tax deductible contributions.

Merchants filed a motion to dismiss, challenging the district court's subject matter jurisdiction and the merits of the Lancasters' allegations. With the parties' consent, the district court proceeded to decide the merits of the case, on the basis of the pleadings, adversely to Merchants. In an opinion and order, dated December 20, 1990, the district court held that the trusts were void as violative of the rule against perpetuities and ordered that Merchants, as trustee, pay over the corpus of the trusts to the administrator of the Kingsburys' estates. 752 F.Supp. 886.

Merchants filed a Notice of Appeal on January 10, 1991. On February 27, 1991, the district court filed an amended memorandum opinion to correct a clerical error and ordered that the amended opinion be substituted *nunc pro tunc* for the December 20, 1990 opinion.

## II. DISCUSSION

■ A federal court may properly exercise jurisdiction to settle controversies relating to the validity of a trust, created in part by a testamentary bequest, where diversity of citizenship exists and the requisite amount is in controversy, so long as the determination does not interfere with probate proceedings or assume general administration. *Sutton v. English*, 246 U.S. 199, 205, 38 S.Ct. 254, 256, 62 L.Ed. 664 (1918); *see also Montgomery v. Blankenship*, 217 Ark. 357, 230 S.W.2d 51, 56 (1950)

(state court took jurisdiction over trust to decide that it did not violate rule against perpetuities); *Garrett v. Mendenhall*, 209 Ark. 898, 192 S.W.2d 972, 974 (1946) (same).

■ This court must review de novo a district court's determinations of state law. *Salve Regina College v. Russell*, — U.S. —, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). Thus, no appellate deference is required in our review of the district court's decision that the Kingsburys' trusts are not charitable under Arkansas law. *Id.*, 111 S.Ct. at 1224.

Charitable bequests and trusts have traditionally been favorites of the law and courts will struggle to uphold them, whenever possible. *Russell v. Allen*, 107 U.S. 163, 166–67, 2 S.Ct. 327, 329–31, 27 L.Ed. 397 (1883). Arkansas courts are willing to construe instruments in a manner consistent with the creator's intent, in order to uphold charitable gifts. In *Garrett v. Mendenhall*, the court set forth Arkansas' policy regarding such gifts:

> By the law of England from before the statue of 43 Eliz., c. 4, and by the law of this country at the present day (except in those States in which it has been restricted by statute or judicial decision ...), trusts for public charitable purposes are applied under circumstances under which private trusts would fail. Being for objects of permanent interest and benefit to the public, they may be perpetual in their duration, and are not within the rule against perpetuities; and the instruments creating them should be construed so as to give them effect, if possible, and to carry out the general intention of the donor, when clearly manifested, even if the particular form and manner pointed out by him cannot be followed.

192 S.W.2d at 974–75 (quoting *Russell*, 107 U.S. 163, 166–67, 2 S.Ct. 327, 329–30); *see also Bakos v. Kryder*, 260 Ark. 621, 543 S.W.2d 216, 218–19 (1976); *Curry v. Guaranty Loan & Trust Co.*, 212 Ark. 988, 208 S.W.2d 465, 466 (1948); *McDonald v. Shaw*, 81 Ark. 235, 98 S.W. 952, 953–55 (1906).

■ Arkansas law defines charitable trusts as those "for the promotion of purposes which are of a character sufficiently beneficial to the community to justify permitting property to be devoted forever to their accomplishment...." *Bakos,* 543 S.W.2d at 219 (quoting *Restatement (Second) of Trusts* § 374 (1959)). Relief of poverty qualifies as a charitable purpose. *Id.; McDonald,* 98 S.W. at 954–55. An Arkansas court has pointed out that, in order to establish a charitable trust, the grantor need only describe the general nature of the charitable trust and may leave the details of its administration to be settled by the trustees under the supervision of a court of chancery. *Curry,* 208 S.W.2d at 466 (quoting *Russell,* 107 U.S. at 167, 2 S.Ct. at 330); *see also Bakos,* 543 S.W.2d at 218–19; *Garrett,* 192 S.W.2d at 974; *McDonald,* 98 S.W. at 954–55; *Biscoe v. Thweatt,* 74 Ark. 545, 86 S.W. 432, 433 (1905). The charitable trust must be sufficiently definite as to designate a general class of beneficiaries of the charitable trust, but may leave the trustees with the duty and power to select, at their discretion, the specific beneficiaries. *Id.*

■ The Kingsburys' trusts, in paragraph 5, provide that the Board of Directors shall "select one or more individuals or entities with financial needs that are not being adequately provided for otherwise ..." and direct the trustee to provide these beneficiaries with "such sums as are appropriate to assist in meeting those financial needs." Paragraphs 4 and 5 further provide that the income from the trusts be payable only to nonprofit entities, which qualify as charitable entities under the Federal Tax Code, so that such contributions will be tax deductible.

The district court determined that the trusts failed to adequately restrict distribution of the trust income and corpus to beneficiaries that qualify as charitable entities under the common law definition of charities, but did not discuss controlling Arkansas law on the subject. Also, the district court failed to consider the dispositive provisions found in paragraph 5 of the trust instruments, which limited the selection of beneficiaries to those with unmet financial needs. The district court expressly recognized, however, that relief of poverty is a valid charitable purpose.

The provisions in paragraphs 4 and 5 of the trust instruments demonstrate the grantors' charitable intent. As a whole, the trust instruments must be interpreted to refer to and to limit their application to the relief of poverty, which qualifies as a charitable purpose under Arkansas law. The grantors have sufficiently indicated the class of individuals from which the Board of Directors and trustee may select individual beneficiaries, so the charitable trusts do not fail for indefiniteness.

Thus, in accordance with the grantors' intent and governing Arkansas law, the trusts are charitable. The trustee may, nevertheless, proceed with its action in Sebastian County Chancery Court seeking reformation of the trust instruments to more precisely reflect the charitable objects of the grantors' bounty. *Kohn v. Pearson,* 282 Ark. 418, 670 S.W.2d 795, 796–97 (1984); *Curry,* 208 S.W.2d at 466.

■ A charitable trust constitutes an exception to the rule against perpetuities and cannot be invalidated for a violation of that rule. *Russell,* 107 U.S. at 167, 2 S.Ct. at 330; *Bakos,* 543 S.W.2d at 219; *Garrett,* 192 S.W.2d at 974; *Biscoe,* 86 S.W. at 433; *Restatement (Second) of Trusts* § 365 (1959). The Arkansas Supreme Court, in *Bakos,* held that: "A charitable trust is not invalid although by the terms of the trust it is to continue for an indefinite or an unlimited period." *Bakos,* 543 S.W.2d at 219 (quoting *Restatement (Second) of Trusts* § 365). Because we hold that the Kingsburys' trusts are charitable trusts, the trusts may continue in perpetuity and not violate the rule against perpetuities.

## III. CONCLUSION

We hold that the Kingsburys' trusts are valid, charitable trusts. Accordingly, we reverse and remand for the entry of an appropriate declaratory judgment consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent. I would affirm based on the reasons so well articulated in the district court's amended memorandum opinion.