# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2898

_____

Christopher P. Sianis,        *

                 *

       Appellant,       *

                 *     Appeal from the United States

       v.                *     District Court for the

                 *     District of Nebraska.

Mary S. Jensen; Bradford K. Jensen,    *

                 *

       Appellees.       *

                 *

_____

Submitted: February 15, 2002
Filed: June 21, 2002

_____

Before HANSEN, Chief Judge, HEANEY and RICHARD S. ARNOLD, Circuit Judges.

_____

HANSEN, Chief Judge.

Christopher P. Sianis brings this diversity action against his sister and her husband, Mary and Bradford Jensen, alleging that the Jensens fraudulently induced his mother, the late Mrs. Mary K. Sianis, into executing a last will and testament, as well as a trust instrument establishing the "Mary K. Sianis Revocable Trust" (Trust). The district court ruled sua sponte that Mr. Sianis's claims are barred by the doctrine of res judicata based upon an earlier Nebraska probate court order admitting Mrs. Sianis's will to informal probate. Mr. Sianis argues that the district court erred in

raising res judicata upon its own motion, or in the alternative, erred in concluding that his claims are barred by res judicata. We conclude that the probate exception divests a federal court of subject matter jurisdiction to adjudicate Mr. Sianis's allegations concerning his mother's will and that the district court improperly exercised jurisdiction over that claim. We conclude, however, that the district court had jurisdiction over Mr. Sianis's challenge to the validity of the Trust and that Mr. Sianis's claim related to the Trust is not precluded by the probate of Mrs. Sianis's will.

## I. Background

In April 1996, Mrs. Sianis simultaneously executed a will and a trust instrument. The trust instrument named Mrs. Jensen as trustee of the Trust and provided that, upon Mrs. Sianis's death, the trustee was to distribute 25% of the value of the Trust property to Mr. Sianis, limited to an amount not to exceed $100,000. It further provided that the remaining trust property was to be distributed to Mrs. Jensen. Mrs. Sianis thereafter transferred the majority of her property, worth approximately $430,000 to the Trust. She succumbed to cancer approximately a month after she executed her will and the trust instrument.

Mrs. Sianis's will was informally probated in a Nebraska probate court. Her entire probate estate consisted of two accounts, a brokerage account and a mutual fund account, totaling a little over $83,000. The estate was closed and liquidated in May 1997, and the two accounts devolved to the Trust pursuant to a pour-over provision in Mrs. Sianis's will, its sole distributive provision. At roughly the same time that the estate was closed, Mr. Sianis executed a release in favor of the Trust and received a distribution of approximately $88,600, representing the full amount he was entitled to under the terms of the Trust. Mr. Sianis indicated in the release that he was "not satisfied . . . that [his] mother's will is in harmony with the presentments existing within the Mary K. Sianis Trust." (Appellees' App. at 18.) The remaining property held by the Trust was distributed to Mrs. Jensen.

2

In January 1999, Mr. Sianis filed this action, claiming that the Jensens fraudulently induced his mother into executing the will and the trust instrument. In June 2001, the district court denied the Jensens' motion for summary judgment in which they argued that Mr. Sianis essentially sought to challenge the probate of his mother's will and that the court lacked subject matter jurisdiction over such a challenge. Shortly after denying the Jensens' motion, the court issued an order notifying the parties that it was raising on its own motion the issue of whether Mr. Sianis's claims were barred by res judicata in light of the earlier probate proceeding. After a hearing on the matter, the district court agreed that Mr. Sianis's action was a disguised will contest, which should have been lodged in the Nebraska probate court, but dismissed the entire action on res judicata rather than jurisdictional grounds.

## II. The Probate Exception to Diversity Jurisdiction

In support of the district court's decision to dismiss, the Jensens argue that the court should have concluded in ruling on their summary judgment motion that the probate exception deprived the court of subject matter jurisdiction over Mr. Sianis's action. The probate exception is a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where, as here, all the prerequisites for diversity jurisdiction are otherwise present. See Markham v. Allen, 326 U.S. 490, 494 (1946). We agree that Mr. Sianis's attempt to challenge a previously probated will affects our subject matter jurisdiction and supports, at least partially, the district court's dismissal of Mr. Sianis's suit. See Green v. Ameritrade, Inc., 279 F.3d 590, 597 n.5 (8th Cir. 2002) (stating that the district court may be affirmed on any basis supported in the record). Subject matter jurisdiction is a threshold matter that we are obligated to address at the outset. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

3

The Supreme Court has long held, for historical reasons, that federal courts lack jurisdiction to probate a will or administer an estate. See, e.g., Markham, 326 U.S. at 494.[1] The Court has recognized, however, that:

> [F]ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

Id. (internal quotations omitted). The Seventh Circuit has noted that the rationale for the "probate exception is one of the most mysterious and esoteric branches of the law of federal jurisdiction." Dragan v. Miller, 679 F.2d 712, 713 (7th Cir.), cert. denied, 459 U.S. 1017 (1982). As a practical matter, ferreting out those instances where the exercise of federal court jurisdiction would interfere with a probate matter to such a degree to invoke the exception can be as elusive as its origin. See Charles Alan Wright & Mary Kay Kane, Federal Practice and Procedure: Federal Practice Deskbook § 27 (2002) ("The exception . . . turns . . . on unclear distinctions of the utmost subtlety."); Georges v. Glick, 856 F.2d 971, 973 (7th Cir. 1988) ("[T]he contours of the exception are vague and indistinct."), cert. denied, 489 U.S. 1097 (1989).

## A. Challenge to the Will

There are two aspects to Mr. Sianis's action that are relevant to our jurisdictional inquiry. The first is Mr. Sianis's attempt to set aside his mother's will based upon the alleged fraudulent conduct of the Jensens. Although Mr. Sianis argued to the contrary before us, he informed the district court during the res judicata

---

[1]See Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc., 918 F.2d 1065, 1071 (2d Cir. 1990), for a discussion of the origin of the exception.

hearing that the court would have to set aside his mother's will if the jury found in his favor. His assertion to the district court is consistent with our understanding of the effect of his action. Our court has previously held that an unabashed assault on a previously probated will is foreclosed under the probate exception. See Krueger v. Farmers and Merchants Bank, 721 F.2d 640, 641 (8th Cir. 1983).

Krueger does not immediately foreclose Mr. Sianis's claim, however, because there are instances when a federal court may have jurisdiction to adjudicate the validity of a will. Whether that is the case depends on the remedy available to Mr. Sianis under Nebraska law. Generally, where the dispute over the will would be cognizable only in a state probate court, a federal court is deprived of jurisdiction over the contest, and the aggrieved party must pursue the action in the probate court. Rienhardt v. Kelly, 164 F.3d 1296, 1300 (10th Cir. 1999); Moore v. Graybeal, 843 F.2d 706, 709 (3d Cir. 1988). But if state law authorizes a suit inter partes to annul a will or to set aside the probate of a will, and the suit is enforceable in a court of general jurisdiction within the state, a federal court may entertain jurisdiction over the will contest. Id.; see also Bassler v. Arrowood, 500 F.2d 138, 141 (8th Cir. 1974) ("Where the action is clearly in personam, federal courts have the power to adjudicate the controversy."), cert. denied, 419 U.S. 1116 (1975). The action authorized by state law must not be incidental to, or an ancillary proceeding of, the prior probate action for federal jurisdiction to exist. Moore, 843 F.2d at 709.

Nebraska law does not authorize an inter partes action to challenge a previously probated will. Instead, a party challenging a will that has been previously probated in an informal proceeding may, pursuant to the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902, institute an action in a Nebraska probate court to contest the will, provided that the action is filed within the later of twelve months from the informal probate or three years from a decedent's death. Neb. Rev. Stat. § 30-2408; Dunmire v. Cool, 237 N.W.2d 636, 637-38 (Neb. 1976) (explaining that a Nebraska probate court has exclusive jurisdiction over a party's claim that a decedent

5

was fraudulently induced into changing his will). Because a challenge to a previously probated will is cognizable only in a Nebraska probate court, in a proceeding that essentially amounts to a continuation of the earlier probate proceeding, the district court lacked subject matter jurisdiction to adjudicate whether the Jensens fraudulently induced Mrs. Sianis into executing her will, and dismissal of that claim was appropriate on that ground.

## B. Challenge to the Trust

The second aspect of Mr. Sianis's action involves his challenge to the Trust and does not implicate the probate exception. Because the probate exception is a judicially-created limitation on our jurisdiction, not one mandated by Congress, we construe it narrowly. Georges, 856 F.2d at 973. Many, if not most, courts have held that the probate exception does not apply to actions involving trusts. See Peter Nicolas, Fighting the Probate Mafia: A Dissection of the Probate Exception to Federal Court Jurisdiction, 74 S. Cal. L. Rev. 1479, 1493-94 & n.70 (2001) (gathering and discussing cases). Other courts, including our own, have recognized that there might be instances when the probate exception applies in diversity actions involving trusts but have entertained jurisdiction nevertheless. See, e.g., Georges, 856 F.2d at 974 n.2 (rejecting a per se rule that inter vivos trusts, which often operate as substitutes for a will, fall within the exception); see Lancaster v. Merchants Nat'l Bank, 961 F.2d 713, 715 (8th Cir.), cert. denied, 506 U.S. 940 (1992).

In Lancaster, the relatives of two decedents sought a declaratory judgment that a revocable inter vivos trust created by the decedents was invalid under Arkansas law. The defendant initially challenged the district court's subject matter jurisdiction to adjudicate the dispute but ultimately agreed that the district court could proceed to the merits of the action. On appeal, our court explained that "[a] federal court may properly exercise jurisdiction to settle controversies relating to the validity of a trust, created in part by a testamentary bequest, where diversity of citizenship exists and the

requisite amount is in controversy, so long as the determination does not interfere with probate proceedings or assume general administration." Lancaster, 961 F.2d at 715. Lancaster is consistent with our conclusion here that the district court's adjudication of the validity of the Trust under Nebraska law will not interfere with the prior probate proceeding. The Trust was established and, as best as we can discern from the record before us, funded before Mrs. Sianis's death. The probate court entertained no jurisdiction over its res or its administration during the pendency of the probate proceeding. Additionally, the Jensens have not directed us to any Nebraska authority suggesting that Mr. Sianis could have challenged the validity of the Trust in the probate proceeding; nor has our research turned up any such authority. See McKibben v. Chubb, 840 F.2d 1525, 1530-31 (10th Cir. 1988) (concluding that a claim that a decedent was fraudulently induced into executing an inter vivos transfer of property did not implicate the probate exception because a will contest would not have provided an adequate remedy for the claim). As a consequence, we conclude that Mr. Sianis's charge that the Jensens wrongfully induced Mrs. Sianis into executing the trust instrument does not trigger the probate exception.[2]

## III. Res Judicata

We turn next to the district court's conclusion that Mr. Sianis's action is barred by res judicata, a decision that we review de novo. Black Clawson Co. v. Kroenert Corp., 245 F.3d 759, 763 (8th Cir. 2001). As an initial matter, we decline to decide whether a district court may raise the doctrine of res judicata sua sponte. The district

---

[2]Appellees suggested during argument that the Trust was subject to the probate proceeding based on Mr. Sianis's failure to present evidence that Mrs. Sianis had ever transferred title of her property to the Trust prior to her death. The inventory of Mrs. Sianis's estate, however, expressly indicated that the Trust and the property contained therein at the time of Mrs. Sianis's death constituted nonprobate assets under Nebraska law. (Dist. Ct. R., Docket No. 56 at 18-20.).

court determined in a thorough and well-reasoned memorandum and order that it could raise the issue on its own accord. However, even assuming that the district court was within its discretion, the prior probate proceeding does not preclude Mr. Sianis's claim that the Jensens fraudulently induced his mother into executing the trust instrument.

Because this is a diversity action, the preclusive effect to be given the Nebraska court's order of informal probate is a matter of substantive law controlled by Nebraska common law. See McNeill v. Franke, 84 F.3d 1010, 1012 (8th Cir. 1996). The Supreme Court of Nebraska recently explained the doctrine under Nebraska law in R.W. v. Schrein, 642 N.W.2d 505, 511 (Neb. 2002):

> [R]es judicata applies to bar relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

The doctrine does not apply here because the Nebraska probate court did not administer the Trust or adjudicate its validity during the probate proceeding, and the court was never faced with the question of whether the Jensens exerted any undue influence over Mrs. Sianis during the time period in which she executed her estate planning documents. Therefore, the validity of the Trust was not directly adjudicated or necessarily involved in the probate proceeding, and Mr. Sianis is entitled to litigate that issue in federal court. See Peterson v. Peterson, 432 N.W.2d 231, 235 (Neb. 1988) (holding that plaintiff's claim that a decedent was unduly influenced into changing title to certificates of deposit was not precluded by prior probate proceeding addressing whether decedent's will was executed volitionally). Our conclusion does not prejudice any other defense the Jensens might have to Mr. Sianis's fraudulent inducement claim.

## IV. Abstention

To foreclose any uncertainty, we address Mr. Sianis's argument that this is an inappropriate case for abstention. The district court did not indicate in its written order that it had relied on abstention principles in dismissing Mr. Sianis's action. At the conclusion of the hearing on res judicata, however, the court found that abstention was appropriate under the facts. The Jensens cite our court's decision in Bassler v. Arrowood, as support for the district court's abstention conclusion and argue that we can affirm on that basis. Bassler is distinguishable, however, because the relief sought by the plaintiffs in the federal proceeding "seem[ed] to require interference with the prior jurisdiction of the Minnesota Probate Court and would in fact [have] conflict[ed] with that court's decision." 500 F.2d at 142. In affirming the district court's decision to abstain, the Bassler court also relied on the existence of a pending appeal in the Minnesota Supreme Court that had the potential to resolve the issues raised in the federal action. Id. at 143. Mr. Sianis's claim against the Jensens for their alleged fraudulent conduct with respect to the creation of the Trust threatens no similar interference with matters ruled upon by the probate court, and there is no ongoing state court action that may resolve the issues raised in this federal action. In sum, Mr. Sianis's allegations do not implicate Bassler or any other abstention doctrine that would justify a decision to decline jurisdiction over Mr. Sianis's remaining claim.

## V. Conclusion

We affirm the judgment of the district court in part, reverse in part, and remand for further proceedings consistent with this opinion. Dismissal of Mr. Sianis's claim that his mother's will was invalid was appropriate because the district court lacked jurisdiction over the claim. The court erred, however, in dismissing on res judicata grounds Mr. Sianis's claim that the Jensens fraudulently induced his mother into

executing the trust instrument. Upon remand, the court has jurisdiction to entertain the merits of that claim and any defenses the Jensens might have under Nebraska law.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.