RHONDA K. WOOD, Associate Justice I,Covenant Presbytery appeals from a Mississippi County Circuit Court’s order which applied the doctrine of cy pres to reform a trust. On direct appeal, Covenant Presbytery argues first that the circuit court erred in applying the cy pres doctrine because there was no charitable trust and because the gift to First Presbyterian vested upon the settlor’s death. Second, it argues that, if the circuit court was correct to apply cy pres, then the court’s application of the doctrine does not comport with the settlor’s intent. In its cross-appeal, First Baptist contends that the circuit court erred in denying its claim that the trustee, SunTrust, breached its fiduciary duty. We granted First Baptist’s petition for review of the court of appeals’ decision. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. See, e.g., In re Matter of Hamilton Living Trust, 2015 Ark. 367, 471 S.W.3d 203. We vacate the court of appeals’ opinion, reverse on the direct appeal, and dismiss the cross-appeal. I. Factual and Procedural Background In June of 1965, Stanley D. Carpenter executed a document entitled “Last Will and Testament” (“will”).[1] The document named National Bank of Commerce trustee and executor, I nominate, constitute and appoint the National Bank of Commerce in Memphis, Tennessee, as executor and trustee of my estate, granting to them full power and authority to take possession of, hold, manage, invest and in every way to control and supervise all of my property in accordance with the terms of this Last Will and Testament and under the laws of the State of Arkansas; ... Carpenter owned 237.87 acres of farmland in Mississippi County, and the will further provided that Carpenter’s four relatives each would receive a one-fourth interest in the “net farm rents” for “life.” Additionally, two Osceola churches, First Presbyterian and First Baptist, were to receive “[a]ll the rest, residue and remainder” of the estate in equal shares. The will directed the trustee “to sell all real estate in then-discretion as soon as the law permit[s], taking into consideration the existence of the life estates hereinbefore created, and distribution of the proceeds therefrom in accordance with this bequest.” Carpenter died in 1967. When Carpenter’s will was probated, his farmland was transferred, pursuant to court order, to National Bank of Commerce, as trustee. National Bank leased the farmland and disbursed the income to the four life-estate beneficiaries. As |sa life-estate beneficiary died, National Bank would divide and remit the deceased beneficiary’s income equally to First Presbyterian and First Baptist. In 2004, First Presbyterian voted to dissolve its congregation. In an “Overture of Dissolution” all assets of the church that had not previously been sold or distributed were transferred to Covenant Presbytery. First Presbyterian notified National Bank that First Presbyterian had dissolved and requested that all future payments from Carpenter’s estate be made to Covenant Presbytery. Thereafter, National Bank distributed the income share to Covenant Presbytery. In 2005, SunTrust acquired National Bank and succeeded as trustee for the trust. SunTrust continued to distribute payments to beneficiaries, including First Baptist and Covenant Presbytery. In 2011, a First Baptist board member contacted the trust advisor assigned to the trust and expressed his belief that the trust payments to Covenant Presbytery were improper. Thereafter, SunTrust filed a “Petition and Request for Instructions and Declaration of Rights” against First Baptist and Covenant Presbytery requesting that the circuit court determine the rights and interests of these parties in the farmland and its income. First Baptist counterclaimed against SunTrust for breach of fiduciary duty. Following a bench trial in December 2012, the circuit court concluded that the will created a testamentary trust for the benefit of two churches in Osceola — First Presbyterian and First Baptist. Finding that Carpenter’s intention was to benefit churches in his community and that First Presbyterian no longer had a church in Osceola, the circuit court applied the cy pres doctrine and reformed the trust to provide that First Presbyterian’s distributions from the summer of 2011 forward should be transferred to First Baptist. The pcircuit court also held that SunTrust did not breach its fiduciary duty because it did not obtain actual knowledge of a potential dispute over payments with Covenant Presbytery until the summer of 2011. We granted First Baptist’s petition for review of the court of appeals’ decision to reverse and remand. II. Appeal This case is subject to a de novo standard of review. See In re Estate of Thompson, 2014 Ark. 287, 434 S.W.3d 877. The circuit court’s decision should not be reversed unless there is a finding that is clearly erroneous. Id. A finding is clearly erroneous when the appellate court is left with a firm conviction that a mistake has been committed. Id. We give due deference to the superior position of the circuit court to review the credibility of the witnesses. Id. This court’s primary objective when construing the language in a will or trust is to ascertain and effectuate the intent of the testator or settlor as long as that intent is not contrary to the law. Bailey v. Delta Trust & Bank, 359 Ark. 424, 198 S.W.3d 506 (2004). Where the language of a will expressly states the testator’s intention, the intent must be gathered from the four corners of the instrument. Id. It is only proper to invoke the rules of construction when the language is ambiguous. Id. In order to determine the intentions of the testator, consideration must be given to every part of the testamentary instrument. Id. Extrinsic evidence may be received on the issue of the testator’s intent if the terms of the will or trust are ambiguous. Burnett v. First Commercial Tr. Co., 327 Ark. 430, 939 S.W.2d 827 (1997). |BIn its first point on appeal, Covenant Presbytery argues that the will created a testamentary trust for the sole purpose of managing the property and paying income to the life-estate beneficiaries. It contends that First Presbyterian’s interest vested upon Carpenter’s death and that the will did not direct the trustee to maintain the property for any charitable purpose; and therefore, the will did not create a charitable trust. Because First Presbyterian’s interest in the trust vested upon Carpenter’s death without limitation, it was freely assignable. First Baptist agrees that the will created a testamentary trust for the administration of the life estate. However, it argues that the testamentary trust is also a charitable trust; and therefore, the churches’ interests did not vest upon Carpenter’s death. It further contends that First Presbyterian did not have an assignable interest in the property, and once First Presbyterian ceased to exist; it became proper for the court to employ the cy pres doctrine. We agree with Covenant Presbytery’s first point on appeal. First Presbyterian’s interest vested upon Carpenter’s death; therefore, we do not address its second point regarding the court’s method of applying the cy pres doctrine. Covenant Presbytery correctly states that the churches are vested remainder beneficiaries. The Arkansas Trust Code,[2] defines “beneficiary,” in part, as a person that “has a present or future beneficial interest in a trust, vested or contingent.” Ark.Code Ann. § 28-73-103(3)(A). A vested remainder is a “present interest that cannot be defeated by any contingency.” Dickerson v. Union Nat’l Bank of Little Rock, 268 Ark. 292, 298, 595 S.W.2d 677, 680 (1980). An interest in a vested | (¡remainder “can be transferred ... even though the right of possession may not accrue until some time in the future.” Id. In Dickerson, we described the “simplest example” of a vested remainder as a conveyance or devise “to A for life, remainder to B.” Id. This is precisely the situation here: Carpenter conveyed the rents of the farm to four relatives for life and the remainder of his property to First Baptist and First Presbyterian. The will clearly states that Carpenter intended to give “[a]ll of the rest, residue and remainder of my estate ... in equal shares, and to each, an undivided one-half each, to the First Presbyterian Church . ■.. and the First Baptist Church.... ” This language created a present interest in the' churches, which vested on Carpenter’s death. We reject First Baptist’s argument that First Presbyterian did not receive a vested remainder because the farmland was placed in a charitable trust. Because the will did not create a charitable trust, the cy pres doctrine was inapplicable. See Ark.Code Ann. § 28-73-413(a). The fundamental principle in construing a trust is to ascertain and effectuate the intent of the settlor. Bailey, 359 Ark. at 432, 198 S.W.3d at 413. Carpenter’s devise to First Baptist and First Presbyterian did not contain a charitable purpose, general or specific, for devising the farmland. Accordingly, the pertinent legal inquiry is whether a trust can be designated as charitable when no charitable purpose was identified by the settlor. Because we find that it cannot, we reverse the circuit court. The Arkansas Trust Code defines a charitable trust as “a trust, or portion of a trust, created for a charitable purpose.” Ark.Code Ann. § 28-73-103(4). It is a “fiduciary relationship with respect to property arising as a result of a manifestation of an intention to |7create it, and subjecting the person by whom the property is held to equitable duties to deal with property for a charitable purpose.” Restatement (Second) of Trusts § 348, Westlaw (database updated May 2014). In a charitable trust, “the beneficial interest is not given to individual beneficiaries, but the property is devoted to the accomplishment of purposes beneficial to the community.” Id. § 365 cmt a. In other words, when a charitable trust is created, legal title, is passed, to the trustee to hold it for the benefit of a charitable purpose. Charitable purposes include “the relief of poverty, the advancement of education or religion, the promotion of health, governmental or municipal purposes, or other purposes the achievement of which is beneficial to the community.” Ark.Code Ann. § 28-73-405. As we have previously stated, “[i]n creating a charitable trust the settlor must describe a 'purpose of substantial public interest.” Kohn v. Pearson, 282 Ark. 418, 420, 670 S.W.2d 795, 796 (1984). Although First Presbyterian and First Baptist are charitable organizations,1 the will neither provided that the devise was to serve a charitable purpose nor restricted the churches from using the farm’s proceeds for noncharitable purposes. Rather, a plain reading of the instrument reveals that the only identifiable purpose of the testamentary trust was to administer the life estates, which are not charities. The will directed the trustee to “give, devise arid bequeath” the residue of his property to the churches. It then directed the trustee “to sell all real estate in their discretion as soon as the law permitfe], taking into consideration the existence of the life estates hereinbefore created, and distribution of the proceeds therefrom in accordance with this bequest.” Giving these plain words their ordinary meaning, we find that the only duty Carpenter gave to the trustee was to hold the farmland | Ras a testamentary trust during the life of the lifetime beneficiaries and to thereafter distribute the proceeds of the property to the churches; It does not direct the bank trustee or the churches to ensure that the use of the property be for a purpose benefiting any charity. Our statute limits the application of cy pres to instances where a “particular charitable purpose becomes unlawful, impracticable, impossible . to achieve, or wasteful.” Ark.Code Ann. § 28-73-413(a). Since the will identifies no particular charitable purpose, cy pres could not be used to reform the trust. First Baptist asserts that a charitable trust may be created as long as the beneficiary is a charity., In support of this statement, First Baptist relies on our decision in Curry v. Guaranty Loan Co., 212 Ark. 988, 208 S.W.2d 465 (1948). In that case, the settlor directed that his property be received by some organization selected by trustees “whose purpose is to discover a cure for rheumatism.” Id. She further provided .that if the trustees could not agree upon a suitable recipient, they might donate the fund to another- charitable institution. Id. Thus, the settlor identified the general purpose of the trust but. left the details of its administration to be settled by the trustee under the superintendence of the court. See id. This is not analogous to our case where no purpose, general or particular, was stated. Unlike in Curry,-no language in this will allows us to find a. charitable purpose, which is required to create a charitable trust. Accordingly, as First Presbyterian received a vested remainder interest upon Carpenter’s death and -.the will did not create a charitable trust, the circuit court erroneously applied the cy pres doctrine. Finally, First Baptist argues that even if there was no charitable trust, Covenant Presbytery has no interest in the farmland because First Presbyterian failed to deed its interest |9to Covenant Presbytery. This argument is unpersuasive. The parties admitted into the record a written document entitled “Stipulations Agreed By All Parties.” It provides that First Presbyterian named Covenant Presbytery as its successor in.interest and that Covenant Presbytery had acted as the successor in interest. First Presbyterian’s assets to which Covenant Presbytery succeeded included its interest in the remainder of Carpenter’s estate. This puts the issue of assignment squarely within the scope of the parties’ stipulation of fact. For this reason, we hold that per the parties’ stipulation, First Presbyterian assigned its rights under the trust to Covenant Presbytery. III. Cross-Appeal On cross-appeal, First Baptist argues that the trial court erred in denying its claim that SunTrust breached its fiduciary duty when it paid income from the trust to Covenant Presbytery, as it was not a named beneficiary. Because we reverse the circuit court and hold that Covenant Presbytery is the successor in interest to First Presbyterian under the trust, we dismiss the cross-appeal because this issue is moot. See Butt v. Evans Law Firm, P.A., 351 Ark. 566, 98 S.W.3d 1 (2003). Reversed on direct appeal; cross-appeal dismisséd; court of appeals’ opinion vacated. Danielson and Goodson, JJ., dissent. . Carpenter also executed four codicils to his Last Will and Testament; however, these are unimportant for purposes of this appeal. . Arkansas Code Annotated §§ 28-73-101 et seq. (Repl. 2012).